An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY M. FRAISER,
Appellant,
vs.
BRITNEY L. FRAISER,
Respondent.

No. 64454

**FILED**

SEP 24 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is a fast track child custody appeal from a district court post-divorce decree order modifying child custody and granting a motion to relocate with the minor children. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

The parties were sharing joint physical custody of their two minor children when respondent filed a motion for primary physical custody and for permission to relocate to Tennessee with the children. The district court considered *Potter v. Potter*, 121 Nev. 613, 119 P.3d 1246 (2005), and the best-interests-of-the-children factors outlined in NRS 125.480(4) before granting respondent's motion. This appeal followed.

Before the district court considers a motion to relocate, the requesting parent must demonstrate a good-faith basis for the move. *Cook v. Cook*, 111 Nev. 822, 827, 898 P.2d 702, 705-06 (1995). When the parents share joint physical custody, and the requesting parent is able to demonstrate good-faith, the district court must decide whether it is in the children's best interests to relocate with the requesting parent and live in a different state, or to stay in Nevada with the other parent. *Potter*, 121 Nev. at 618, 119 P.3d at 1250. In conducting its best-interest analysis, the district court must consider the five factors laid out in *Schwartz v. Schwartz*, 107 Nev. 378, 812 P.2d 1268 (1991). *Druckman v. Ruscitti*, 130 Nev. ___, ___, 327 P.3d 511, 515 (2014). Specifically, the court must

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31827

consider (1) whether the move will improve the quality of life for both the child and the requesting parent; (2) whether the relocation motion was filed to frustrate or defeat the visitation rights of the nonrequesting parent; (3) whether the requesting parent will comply with any visitation orders entered by the court after the relocation motion is granted; (4) whether the nonrequesting parent's motives are honorable in opposing the motion or "to what extent, if any, the opposition is intended to secure a financial advantage in the form of ongoing support obligations or otherwise"; and (5) whether there will be a realistic opportunity for the nonrequesting parent "to maintain a visitation schedule that will adequately foster and preserve the parental relationship" if the relocation motion is granted. *Schwartz*, 107 Nev. at 382-83, 812 P.2d at 1271.

Because *Druckman* was decided after the filing of this appeal, the district court granted respondent's motion to modify custody and relocate with the minor children to Tennessee without considering the *Schwartz* factors or whether respondent had a good-faith basis for the move. *See Druckman*, 130 Nev. at ___, 327 P.3d at 515; *see also Wallace v. Wallace*, 112 Nev. 1015, 1019-20, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). Accordingly, we reverse the district court's order and remand this matter to the district court for proceedings consistent with this order. We vacate the stay imposed by our January 17, 2014, order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Pecos Law Group
Black & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A